IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAURA V. LOPEZ-AGUIRRE, )
Individually, as Administrator of the Estate of )
Julio C. Aguirre, deceased, and as Next Friend )
for her minor children Em. A. and El. A., )
 )
               Plaintiff, )
 )
     v. )    Case No. 12-2752-JWL
 )
BOARD OF COUNTY COMMISSIONERS )
OF SHAWNEE COUNTY, KANSAS, et al., )
 )
               Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

By this action, plaintiff asserts various federal constitutional and state-law claims based on the death of her husband after his post-arrest detention in jail. The matter is presently before the Court on the motion to dismiss filed by defendant Valeo Behavioral Health Care, Inc. ("Valeo") (Doc. # 92). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to any claim by plaintiff of negligence by Valeo prior to decedent's arrest and incarceration. The motion is denied with respect to plaintiff's claims based on alleged negligence by Valeo during his incarceration.

I. **Background**

By her second amended complaint, plaintiff alleges the following facts: On December 2, 2010, decedent Julio Aguirre was taken by his family to Valeo, where he was diagnosed with manic severe bipolar disorder with psychotic features. Valeo referred decedent to Stormont-Vail Healthcare, Inc. ("Stormont-Vail"), where he was admitted for psychiatric treatment and diagnosed with manic depression bipolar disorder. Stormont instructed that decedent go to Valeo's short-term crisis-oriented residential stay facility for further treatment. While his family was trying to have him admitted to the Valeo facility, decedent spit at two Topeka police officers and kicked one of them, and the officers arrested decedent. The officers then transported decedent to the Shawnee County Department of Corrections for detention.

While in detention with the County from December 2 to December 10, 2010, decedent exhibited various signs of instability and mental illness. On December 10, the County decided to transport decedent to a hospital, and the state court dismissed the charges against decedent and ordered his transfer to the hospital, but decedent perished two days later.

Plaintiff was decedent's spouse, and she has asserted various claims on her own behalf, on behalf of her children, and as administrator of decedent's estate. Plaintiff originally asserted federal constitutional claims and state-law claims against the Board of Shawnee County Commissioners and various County corrections officers and against

the City of Topeka and various City corrections officers. Plaintiff also asserted state-law negligence claims against Valeo, Stormont, and two other defendants. By Memorandum and Order dated April 17, 2013, the Court dismissed some claims against the County defendants, all claims against the City defendants, and all claims against Stormont. *See Lopez-Aguirre v. Board of County Comm'rs of Shawnee County, Kan.*, 2013 WL 1668239 (D. Kan. Apr. 17, 2013). The Court also granted plaintiff leave to amend certain claims, and plaintiff filed her second amended complaint on May 3, 2013. Valeo now seeks dismissal of the medical negligence, wrongful death, and survival claims asserted by plaintiff against it.

## II. <u>Governing Standards</u>

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal*

*v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. <u>Analysis</u>

As the sole basis for dismissal asserted in its motion, Valeo argues that its alleged negligence was not the proximate cause of decedent's injuries as a matter of law, for the same reasons that the Court dismissed the claims against Stormont for lack of proximate cause. In its prior order, the Court reviewed the applicable law concerning proximate cause. *See id.* at *14-16 (citing *Puckett v. Mt. Carmel Reg. Med. Ctr.*, 290 Kan. 406, 420-23 (2010); Restatement (Second) of Torts §§ 442, 448). The Court then concluded as follows:

> The Court concludes as a matter of law that the facts alleged by plaintiff do not support a claim that Stormont's negligence proximately caused decedent's injuries. Plaintiff alleges that Stormont was negligent in failing to treat decedent or to communicate his condition to law enforcement personnel. Decedent's bodily injuries and death were not the natural and probable consequences of that alleged negligence by Stormont, however. According to the complaint, decedent was injured only after the action of a number of subsequent forces: his behavior towards the officers at Valeo; the officers' decision to arrest him; his imprisonment at the County facility; and the County officers' mistreatment of decedent,

4

including the use of excessive force, assault and battery and false imprisonment, and deliberate indifference to decedent's medical needs. Those intervening causes would have been sufficient by themselves to cause decedent's injuries. Moreover, a jury might find that it was reasonably foreseeable to Stormont that its negligent acts could have resulted in decedent's arrest; but a jury could not reasonably find that decedent's subsequent mistreatment and injuries suffered at the County facility were a reasonably foreseeable result of its decision to refer decedent to Valeo for treatment, without treating decedent or communicating his condition to law enforcement officers, at a time when decedent was in good physical condition. Accordingly, the alleged negligence by Stormont is too attenuated and thus cannot serve as a basis for plaintiff's recovery for these injuries suffered by decedent. As Justice Cardozo stated in the seminal case on proximate cause, *Palsgraf v. Long Island Railroad Co.*, 162 N.E. 99 (N.Y. 1928), "[p]roof of negligence in the air, so to speak, will not do." *See id.* at 99 (citation omitted), *quoted in Edwards ex rel. Fryover v. Anderson Eng'g, Inc.*, 45 Kan. App. 2d 735, 742 (2011).

This conclusion is supported by a consideration of the factors set forth in Section 442 of the Restatement. First, the allegedly negligent acts by Stormont might ordinarily be expected to result at worst in decedent's causing harm to himself or others; thus, the harm that occurred—decedent's death after a severe deterioration in health while in custody—was different in kind from that which would otherwise have resulted from Stormont's negligence. Second, the chain of events leading to decedent's death, including the County officers' failure to prevent the severe deterioration in decedent's health, was rather extraordinary in view of the circumstances faced by Stormont. Third, the County's officers' actions and inaction were not the normal result of Stormont's alleged failure to treat decedent. Fourth, the operation of the intervening forces resulted from the acts and omissions of third parties, namely, the various law enforcement officers. Fifth, those officers' actions and inaction are alleged by plaintiff to have been wrongful, and plaintiff seeks to impose liability on those officers for their conduct. Sixth, those officers are alleged to be especially culpable, as plaintiff has alleged not only their negligence, but also their deliberate indifference and their commission of intentional torts.

The Court thus concludes as a matter of law that, under the facts

5

alleged by plaintiff, the alleged negligence by Stormont was not a proximate cause of the harm suffered by decedent. Accordingly, the Court dismisses the medical negligence claim asserted against Stormont.

*See id.* at *16-17.

Valeo argues that plaintiff's claim against it, as asserted in the medical negligence count, is virtually identical to the now-dismissed count asserted against Stormont, and that plaintiff's allegations of pre-arrest and pre-incarceration negligence by it cannot have been the proximate cause of decedent's injuries for the same reasons that precluded a claim based on Stormont's alleged pre-arrest negligence. Plaintiff concedes that the reasoning in the Court's prior order would apply equally to her claim against Valeo for pre-arrest negligence, and she has not offered any reason why the Court's conclusion was erroneous. Accordingly, the Court concludes that the negligence by Valeo committed prior to decedent's arrest and incarceration with the County, as alleged in the second amended complaint, could not have been the proximate cause of decedent's injuries as a matter of law, and any such claim of pre-arrest negligence is hereby dismissed.

Plaintiff argues, however, that her allegations against Valeo are broader than her original allegations against Stormont. Specifically, plaintiff's points to the following allegations in her second amended complaint:

> 58. On December 7, 2010, Plaintiff Laura Lopez-Aguirre, Decedent's wife, went to the Valeo crisis lobby and requested Decedent be taken to the hospital. She was adamant that Decedent needed to be in the hospital. A supervisor at Valeo told Plaintiff the criteria for an

6

> individual to be screened into the hospital and that the jail could request a screen for psychiatric hospitalization. The Valeo supervisor said she would request that the Jail Liaison, Sam Ryland, check on Decedent in jail to be sure he was getting his medications and to check on his status. Upon information and belief, no such request was made and a psych screen was not obtained until days later, on the eve of Decedent's death when it was too late.

Plaintiff has also alleged that decedent did receive a screening by a Valeo employee on December 10, 2010, after which decedent was hospitalized, and that decedent perished shortly thereafter. Thus, plaintiff argues that she has also alleged acts of negligence by Valeo occurring after his alleged mistreatment and decline at the County jail had begun; that an earlier visit by Valeo, as promised to plaintiff, would have spared decedent; and that Valeo's alleged negligence therefore could have been a proximate cause of decedent's injuries.

In its reply, Valeo does not really dispute that such negligence as alleged in paragraph 58 of the complaint could have been the proximate cause of decedent's injuries. Rather, Valeo suggests that the allegation that Valeo failed to act for three days is merely speculative and implausible. Even if the Court were to consider such an argument raised for the first time in the reply brief, the Court would reject it. Plaintiff has alleged that no screening was conducted by Valeo or anyone else until December 10, and thus the inference that Valeo did not act for three days after the visit from plaintiff is not an unreasonable one. Moreover, the Court cannot say that such failure by Valeo, as alleged by plaintiff, could not have been a proximate cause of decedent's ultimate

7

demise as a matter of law. Accordingly, Valeo's motion to dismiss plaintiff's negligence claim for lack of proximate cause is denied with respect to a claim by plaintiff that Valeo was negligent in not acting upon the request made by plaintiff on December 7, 2010.

In its reply brief, Valeo also takes issue with the argument from plaintiff's response brief that Valeo had a working relationship with the Shawnee County Department of Corrections and thus had some responsibility for decedent's care at the jail. Valeo notes that plaintiff did not include such an allegation in the complaint, but that she instead cited a statement from Valeo's website. In its reply, Valeo stated as follows: "This is hardly an adequate basis for imposition of a legal duty and, under Rule 12(d), should be ignored." Certainly, Valeo might argue that it did not have a legal duty with respect to decedent's care while he was in jail on December 7, 2010. Valeo did not make any such argument in its motion and supporting brief, however, and its reply brief contains no analysis of the question of duty under Kansas law. Accordingly, the Court does not address the issue of Valeo's legal duty. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (court will not consider issues raised for first time in reply brief) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)). Similarly, Valeo's argument that it did not enter into a provider-patient relationship with decedent, first asserted in Valeo's sur-sur-reply brief, comes too late.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss by defendant Valeo Behavioral Health Care, Inc. (Doc. # 92) is hereby **granted in part and denied in part**, as set forth herein.

IT IS SO ORDERED.

Dated this 30th day of July, 2013, in Kansas City, Kansas.

      s/ John W. Lungstrum
John W. Lungstrum
United States District Judge