# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAURA V. LOPEZ-AGUIRRE, )
Individually, as Administrator of the Estate )
of Julio C. Aguirre, deceased, and as )
Next Friend for her Minor Children )
Em. A. and El. Al, )
 )
                      Plaintiffs, )
 )
vs. )   Case No. 12-2752-JWL-KGG
 )
BOARD OF COUNTY )
COMMISSIONERS, *et al.*, )
 )
                      Defendants. )
_____ )

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint to Add New Parties (Doc. 123), seeking permission to add three Shawnee County Department of Corrections employees as new Defendants. (*See generally* Doc. 124.) After a careful review of the submissions of the parties, the Court **DENIES** Plaintiff's motion.

## **BACKGROUND**

In the present action, Plaintiff brings various state law and federal Constitutional claims against Defendants resulting from the death of her husband following his arrest in December 2010. The factual background of this case was

summarized in the District Court's Order granting in part and denying in part Defendants' Motion to Dismiss. (*See* Doc. 75, at 2-4.) That summary is incorporated herein by reference.

Following this Order from the District Court, Plaintiff filed her Second Amended Complaint on May 5, 2013. (Doc. 76.) A revised Scheduling Order was entered on June 7, 2013, including a deadline of July 22, 2013, to file motions to join additional parties or otherwise amend the pleadings. (Doc. 94, at 6.) In the present motion, which was timely filed, Plaintiff seeks leave to file a Third Amended Complaint, which identifies three new Department of Corrections employees as individual Defendants. (Doc. 123.)

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); **Frank v. U.S. West, Inc**., 3 F.3d 1357, 1365 (10th Cir. 1993). A court is justified in denying a motion to

amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

As stated above, the events at issue occurred in December 2010. Defendant argues that Plaintiff's claims are futile because the two-year statute of limitations has expired unless they relate back to the filing of the original complaint per Fed.R.Civ.P. 15(c). (Doc. 134, at 2.) Fed.R.Civ.P. 15 (c)(1) states that

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (I) received such notice of the action that it will not be prejudiced in defending on the merits; and

3

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*See* Rule 15(c)(1); *see also* **Loveall v. Employer Health Servs., Inc.**, 196 F.R.D. 399, 403 (D. Kan. 2000).

Plaintiffs concedes that they "were previously aware of some aspects" of the incidents relating to decedent's treatment in custody" after receiving a surveillance video through the open records act. (Doc. 124, at 2.) Plaintiffs argue, however, that they "were unable to gain a full picture of what occurred due to materials being omitted form the response to that request," but that "[s]everal key details have now emerged," necessitating the requested amendment. (*Id*., at 2-3.) Plaintiffs continue that the "failure to initially name [these three potential new Defendants] was not the result undue delay, bad faith, or dilatory motive, but was due to insufficient information about [these individuals'] role in this use of force against [decedent] during his incarceration." (Doc. 124, at 9.) Tellingly, Plaintiffs concede that they "did not know the identity of these other officers at the time of filing but [are] not contending that such information was unavailable." (*Id*., at 9, n.4.)

In opposing Plaintiffs' motion, Defendants rely on the case of **Bell v. City of Topeka**, 279 Fed. Appx. 689 (10th Cir. 2008). Therein, the plaintiff filed an

excessive force case against "Four Unknown Narcotics Agents of the City of Topeka Police Department" on March 2, 2006, based on events that occurred during the search of a house on March 3, 2004. *Id*., at 690-91. The plaintiff received defendants' initial disclosures on May 12, 2006, and filed an Amended Complaint on May 24, 2006, substituting names of specific officers' names for the "Unknown Officers." *Id*., at 691. After striking the Amended Complaint and instructing the plaintiff to file a motion to amend, the District Court denied the motion holding that "the proposed amendment was futile because the claims against the individual officers were barred by a two-year statute of limitations. *See* Kan. Stat. Ann. § 60-513(a)." *Id*.

The plaintiff in ***Bell*** appealed to the Tenth Circuit, which upheld the District Court, stating that

> [w]e have specifically held that 'a plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party within the meaning of [Rule 15(c)(1)(C) ].' ***Garrett***, 362 F.3d at 696 (quotation omitted). In other words, a 'plaintiff's designation of an unknown defendant ... in the original complaint is not a formal defect of the type [the rule] was meant to address,' and a later amendment that specifically names that defendant does not relate back to the original complaint. *Id*. at 697.

*Id*., at 692. The same is true the in matter before the Court.

Plaintiffs argue that "Defendant had the opportunity to supply the information that would have provided full context as to the claim against" the proposed new Defendants, but withheld certain information for "over a year." (Doc. 142, at 4.) Defendants have specifically contended, however, that the written statements of the three potential Defendants "were provided to Plaintiff as well as the use of force report, the investigation memorandum, and the video regarding the December 3, 2010, incident." (Doc. 134, at 4.) Defendants continue that Plaintiffs would not have been able to identify Kevin Horn and Jackie Doud, officers included in Plaintiffs initial Complaint, without reviewing the use of force report provided as part of the response to Plaintiff's open records request. (*Id*., at 4-5.) According to Defendants, the report "clearly identifies" the three potential Defendants. (*Id*., at 5.) Plaintiffs do not dispute this contention in their reply. (*See generally* Doc. 142.) The Court therefore sees no basis to toll the statute of limitations as a result of Defendants' alleged failure to provide Plaintiffs with sufficient information in response to the Open Records request.

As such, Plaintiffs' proposed amendment is futile because the statute of limitations has expired and the proposed amendment does not relate back to the initial filing. Plaintiffs' motion (Doc. 123) is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 30th day of September, 2013.

                                         S/ KENNETH G. GALE
                                         Kenneth G. Gale
                                         United States Magistrate Judge