# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURA V. LOPEZ-AGUIRRE, Individually, as Administrator of the Estate of Julio C. Aguirre, deceased, and as Next Friend for her Minor Children Em. A. and El. Al, <br><br> Plaintiffs, <br><br> vs. <br><br> BOARD OF COUNTY COMMISSIONERS, *et al.*, <br><br> Defendants. | Case No. 12-2752-JWL-KGG |

## **MEMORANDUM AND ORDER**

Now before the Court is Plaintiff's "Motion to Compel Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant Corizon Health, Inc., F/K/A Prison Health Services, Inc." (Doc. 156.) Having reviewed the submissions of the parties, the Court **GRANTS** Plaintiff's motion.

## **BACKGROUND**

In the present action, Plaintiff brings various state law, federal law, and federal Constitutional claims against Defendants resulting from the death of her husband following his arrest in December 2010. The factual background of this case was summarized in the District Court's Order granting in part and denying in

part Defendants' Motion to Dismiss. (See Doc. 75, at 2-4.) That summary is incorporated herein by reference.

Following this Order from the District Court, Plaintiff filed her Second Amended Complaint on May 5, 2013. (Doc. 76.) A revised Scheduling Order was entered on June 7, 2013. (Doc. 94, at 6.)

Following the parties' efforts at conferring – as well as a recent hearing before the Court and resulting communications between the parties – Requests Nos. 5, 6, 7, 48, and 49 remain at issue. The Requests for Production at issue seek certain categories of documents from Defendant Corizon Health relating to Plaintiff's care and/or other inmates who died or committed suicide.

## **DISCUSSION**

**A.** **Standards for Motions to Compel**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both relevant and nonprivileged to be discoverable. Defendant does not raise the issue of relevance. Rather, it's first category of objections focus on the issue of privilege.

**B.     Claim of Privilege**.

Federal Rule of Evidence 501 governs the application of privilege in federal courts, and states that

> [t]he common law – as interpreted by United States courts in the light of reason and experience – governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;
> - a federal statute;
> - or rules prescribed by the Supreme Court.

Plaintiff filed the present lawsuit in federal court alleging violations of Plaintiff's civil rights pursuant to the Constitution and 42 U.S.C. § 1983, as well as various pendant state law causes of action, including the tort of outrage, and negligence. Neither the United States Constitution nor Section 1983 contains a privilege provision nor is there a federal law peer review privilege. ***Sonnino v. University of Kansas Hosp. Auth.***, 220 F.R.D. 633, 644 (D. Kan. 2004) (holding that "[n]either the Supreme Court nor the Tenth Circuit has recognized a medical peer review or medical risk management privilege under federal common law").

As stated above, however, Plaintiff also brings a pendant state law causes of action against all Defendants. In response to certain discovery requests at issue, Defendant has asserted the peer review and risk management privileges, which have been codified by the Kansas legislature at K.S.A. § 65-4915, *et seq.* and § 65-

3

4925, *et seq*. Section 65-4915 provides, in relevant part:

> the reports, statements, memoranda, proceedings, findings and other records submitted to or generated by peer review committees or officers shall be privileged and shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity or be admissible in evidence in any judicial or administrative proceeding. Information contained in such records shall not be discoverable or admissible at trial in the form of testimony by an individual who participated in the peer review process.

K.S.A. § 65-4915(b). Section 65-4925 states that records created

> pursuant to K.S.A. §65-4923 or §65-4924, and amendments thereto, shall be confidential and privileged, including: (1) Reports and records of executive or review committees of medical care facilities or of a professional society or organization; (2) Reports and records of the chief of the medical staff, chief administrative officer or risk manager of a medical care facility; (3) Reports and records of any state licensing agency or impaired provider committee of a professional society or organization; and (4) Reports made pursuant to this act to or by a medical care facility risk manager, any committee, the board of directors, administrative officer or any consultant. Such reports and records shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity and shall not be admissible in any civil or administrative action other than a disciplinary proceeding by the appropriate state licensing agency.

K.S.A. § 65-4925(a).

The issue thus before the Court is whether and/or how these Kansas

statutory privileges apply to Plaintiff's federal and pendant state law claims in federal court. "It is well settled that in federal question cases with pendent state law claims, the federal court must look to the federal common law regarding the existence of privileges." ***Reliastar Life Ins. Co. v. Warrior***, No. 06-2486-CM-DJW, 2007 WL 2669558 (D.Kan. Sept. 7, 2007) (citing ***Ledbetter v. City of Topeka, Kan.***, No 99-2489-CM, 2001 WL 311196, at *2 (D. Kan. Mar. 7, 2001); ***Ali v. Douglas Cable Commc'ns Ltd. P'ship***, 890 F.Supp. 993, 994 (D. Kan. 1995)). Further guidance is provided in ***Hermann v. Rain Link, Inc***. from this District.

> In ***Sprague v. Thorn Americas***, the Tenth Circuit found that when both federal law claims and pendent state law claims were implicated, the court should consider both bodies of law. [129 F.3d 1355, 1369 (10th Cir. 1997).] In that case, however, the litigants did not focus on any distinction between federal and state law. The opinion also reiterates that when a case involves both federal claims and pendent state law claims, 'as to the state causes of action, a federal court should look to state law in deciding privilege questions.' [*Id*., at 1368 (internal citation omitted).] Obviously, the court and litigants are not always able to parse out what discovery or evidence supports a federal claim as opposed to a state claim.

No. 11-1123-RDR, 2012 WL 1207232, at *8 (D. Kan. April 11, 2012).

As stated previously, the present case comes before the Court because of a cause of action arising under a federal statute and the federal Constitution. Pendant

5

state court causes of action are also alleged. Following it's recent precedent in this District, the Court holds that evidence relating only to Plaintiff's federal claims will not be subject to assertions of the Kansas statutory peer review privilege, to the extent Plaintiff has adequately opposed the application of the privilege, as no such privilege has been recognized by the Tenth Circuit or U.S. Supreme Court. *See* ***Sellers v. Wesley Medical Center, L.L.C.***, No. 11-1340-JAR-KGG, 2012 WL 5362977, *3 (D.Kan. Oct. 310, 2012) (citing ***Sonnino***, 220 F.R.D. at 644). On the other hand, evidence relating only to Plaintiff's pendant state law causes of action will be subject to the privilege to the extent it was adequately asserted by Defendant. *Id*. Finally, to the extent evidence relates to both the federal and state law causes of action, the privilege will not apply to the extent it was adequately opposed by Plaintiff. *Id*.

**C.     Requests for Production at Issue**.

    **1.     Requests Nos. 5, 6, and 7**.

These requests seek documents (including witness statements, email, and as well as reports of medical staff review committees) Defendant Corizon has created regarding decedent and/or the subject matter of Plaintiff's Complaint. (*See* Doc. 157, at 3.) Corizon objects, in part, that certain responsive documents are protected by the Kansas peer review and risk management statutes, discussed

*supra*. (Doc. 162, at 5-7.) Corizon argues that "there are no claims against Corizon sounding in federal law . . . . All of Plaintiff's claims against Corizon are based upon Kansas law." (*Id.*, at 6.) Thus, according to Defendant Corizon, these privileges protect the requested documents from disclosure.

Although the information is sought from Corizon, against whom only state law claims exist, Plaintiff replies that the documents sought by these three requests are "critical to proving both the federal and state-law claims." (Doc. 165, at 4.) More specifically, Plaintiff contends that Corizon's

> Mortality Review is highly relevant to Plaintiff's § 1983 claims against [Defendant] Shawnee County and various individual Defendants. Plaintiff has asserted under § 1983 that the Shawnee County Defendants were deliberately indifferent to Decedent Julio Aguirre's serious medical needs when they failed to take steps to prevent his deterioration and failed to provide him adequate medical treatment.

(*Id.*, at 5.) Plaintiff also argues that the doctor conducting the review "not only evaluated Corizon's performance, but Shawnee County's performance as well." (*Id.*)

The Court finds that, for the purposes of this discovery motion, Plaintiff has established that the documents at issue relate to both the federal and state law causes of action. As such, the stated peer review and risk management privileges will not bar discovery of the requested materials. ***Sellers***, 2012 WL 5362977, at

7

\*3.  Defendant's objection is **overruled** and the portion of Plaintiff's motion relating to Requests Nos. 5, 6, and 7 is **GRANTED**.

   **2.   Requests Nos. 48 and 49**.

The remaining group of requests seek information regarding detainees who committed suicide at, or detainees who "died at or within 72 hours of being released" from, Defendant Shawnee County Department of Corrections. (Doc. 162, at 10.) Defendant objects that the requests do not describe their subject matter with "reasonable particularity." (*Id.*, at 11.) Rather, Defendant argues that they are akin to "vague and blanket request[s] for *all documents* which might be material to issues in the litigation" that have been struck by other federal courts. (*Id.*)

The Court does not agree. The Court finds that the requests, on their face, are not "blanket requests." While they do seek "[a]ny data or documents," the requests are limited to the specific subjects of detainees who have died or committed suicide. The requests are unambiguous and sufficiently specific. Defendant's objection is **overruled** and the portion of Plaintiff's motion relating to Requests Nos. 48 and 49 is **GRANTED**.

   **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 156) is **GRANTED** as more fully set forth herein. The documents to be produced

by Defendant in compliance with this Order shall be provided to Plaintiff's counsel **on or before January 20, 2014**.

Dated at Wichita, Kansas, on this 20th day of December, 2013.

S/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge