IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAURA V. LOPEZ-AGUIRRE, )
Individually, as Administrator of the Estate of )
Julio C. Aguirre, deceased, and as Next Friend )
for her minor children Em. A. and El. A., )
)
Plaintiff, )
)
v. ) Case No. 12-2752-JWL
)
BOARD OF COUNTY COMMISSIONERS )
OF SHAWNEE COUNTY, KANSAS, et al., )
)
Defendants. )
)
_____)

# MEMORANDUM AND ORDER

By this action, plaintiff asserts various federal constitutional and state-law claims based on the death of her husband after his post-arrest detention in jail in Topeka, Kansas. Plaintiff has designated Kansas City, Kansas as the place of trial pursuant to D. Kan. Rule 40.2(a). The matter presently comes before the Court on defendants' motion for Topeka to be designated as the place of trial (Doc. # 263). For the reasons set forth below, the motion is **granted**, and this case is hereby designated for trial in Topeka, Kansas.

As a preliminary matter, the Court notes that, although previous opinions issued in this district have addressed this issue as one concerning "transfer" of the case within the district, and defendant accordingly denominated the present motion as one for "intra-

district transfer," the term "transfer" actually represents a misnomer in light of the manner in which the Court presently operates. This district is not divided into divisions, and cases are assigned to judges on a district-wide basis. Because documents are filed, served, and available to the public electronically, the case file does not exist in one particular location only. D. Kan. Rule 40.2 does not provide for "transfer" of any case, but rather addresses the determination of the place of trial. *See id.* Recognition of the proper terminology does not affect the Court's substantive analysis, and the Court will continue to consider prior opinions addressing "transfer" within the district. Nevertheless, the Court will address the present motion in terms of a determination of the proper place for trial.[1]

D. Kan. Rule 40.2(e) provides that the Court is not bound by the parties' requests regarding the place of trial, and it may determine the place of trial upon motion by a party. *See id.* This Court has previously set forth the governing standards as follows:

> In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a).
>
> . . . This statute grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness. The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical

---

[1]Accordingly, even though the Court grants the present motion regarding the place of trial, pretrial court proceedings will still be held in Kansas City, the originally-designated location.

2

> considerations that make a trial easy, expeditious and economical.
>
> The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed. However, because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.

*See Twigg v. Hawker Beechcraft Corp.*, 2009 WL 1044942, at *1-2 (D. Kan. Apr. 20, 2009) (Lungstrum, J.) (citations and footnote omitted).

In applying the first factor, the Court notes that plaintiff lives in Topeka. "When the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates." *See id.* at *2; *see also* 15 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3848 (3d ed. 2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere). "Consequently, although the court considers the plaintiff's choice of forum a factor, it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so." *See Twigg*, 2009 WL 1044942, at *2 (internal quotation and citations omitted).

The relative convenience of the place of trial is "a primary, if not the most important, factor" for the Court's consideration in determining the place of trial. *See id.* In opposition to this motion, plaintiff has identified a few potential witnesses who do not reside in the Topeka area, and she argues that her expert witnesses, who are located

3

elsewhere, can more easily fly into Kansas City than into Topeka. Plaintiff also notes that her counsel and one defendant's counsel are located in the Kansas City area.[2]

Nevertheless, the Court concludes that Topeka is a more convenient trial location for this case than Kansas City. The allegedly wrongful acts took place in Topeka, plaintiff and all of the individual defendants reside in the Topeka area, and it appears that the great majority of witnesses are located in the Topeka area. The Court is less concerned for the convenience of the paid experts, and moving the trial to Topeka adds only an additional sixty miles to the trip for anyone flying in for the trial. In addition, as defendants note, the recent addition of more direct flights into Topeka mitigates any greater burden created for the experts. The Court further concludes that, not only is Topeka more convenient, Kansas City is substantially inconvenient as a location for trial. *See id.* at \*3 (court must also find that the originally-designated city is substantially inconvenient). In that regard, the Court agrees with defendants that holding the trial in Kansas City instead of Topeka would cause much more disruption for the great number of witnesses who are employed in Topeka. Simply put, this case has nothing to do with Kansas City and has everything to do with Topeka, which makes the latter location far more convenient.

With respect to the other factors, it does not appear that the choice between the

---

[2] Plaintiff also notes that a number of depositions have taken place in the Kansas City area, with more scheduled to take place there. The Court does not find that fact relevant, however, in comparing the convenience of the locations for purposes of trial.

two locations raises any issues regarding the accessability of witnesses or proof. Based on two newspaper articles and three negative comments submitted in response to one of those on-line articles, plaintiff argues that it may be more difficult for her to receive a fair trial in Topeka. The Court addressed a similar argument in *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212 (D. Kan. 2012) (Lungstrum, J.). That case involved far more publicity than this one—in *Llizo*, the Court noted that the Topeka newspaper had reported on the plaintiff's employment and lawsuit nine times and that the vast majority of posted on-line comments reflected a negative and even hostile attitude toward the plaintiff. *See id.* at 1215. Nevertheless, the Court concluded that such publicity and any alleged prejudice could be addressed through the voir dire process, and it was confident that an impartial jury could be selected in Topeka. *See id.* The Court further noted that "[if] defendant had established that Topeka were a more convenient forum for the clear majority of witnesses, then the court would in all likelihood not hesitate to transfer this case to Topeka despite the publicity and alleged prejudice against plaintiff." *See id.* In the present case, defendants *have* established that Topeka is the more convenient place for trial; thus, the Court agrees that trial should be held in that city, even in light of the publicity cited by plaintiff.

Finally, as an additional factor for consideration, plaintiff complains about the timing of defendants' motion. Plaintiff argues that the case is well into discovery, that she designated her experts in the belief that the trial would be held in Kansas City, that "[t]ransferring the case now would not be easy, expeditious, or economical," and that a

5

change of forum at this stage would cause her prejudice.  Plaintiff has not explained, however, how the place of trial mattered to her selection of experts or how moving the place of trial at this stage—while discovery is still ongoing and trial is many months away—would cause her any particular prejudice.  The Court does not believe that the timing of defendants' request weighs against designating Topeka as the place of trial.

Accordingly, after considering the relevant factors, the Court concludes in its discretion that this case is most appropriately tried in Topeka, and it therefore grants defendant's motion to designate Topeka as the place of trial.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for Topeka to be designated as the place of trial in this matter (Doc. # 263) is **granted**, and this case is hereby designated for trial in Topeka, Kansas.

IT IS SO ORDERED.

Dated this 5th day of March, 2014, in Kansas City, Kansas.

**s/ John W. Lungstrum**
John W. Lungstrum
United States District Judge