# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURA V. LOPEZ-AGUIRRE, Individually, as Administrator of the Estate of Julio C. Aguirre, deceased, and as Next Friend for her Minor Children Em. A. and El. Al, <br><br> Plaintiffs, <br><br> vs. <br><br> BOARD OF COUNTY COMMISSIONERS, *et al.*, <br><br> Defendants. | Case No. 12-2752-DDC-KGG |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint to add an additional cause of action against Defendant Corizon Health, Inc. and add a punitive damages claim to a previous claim of negligence. (Doc. 294.) After a careful review of the submissions of the parties, the Court **GRANTS** Plaintiff's motion to add Defendant Corizon to its §1983 claim, but **DENIES** the motion to add the punitive damages demand to the negligence claim.

### BACKGROUND

Plaintiff filed this action in November 2012, alleging claims against Defendants for actions she alleges occurred while her husband was in the custody

of the Shawnee County Department of Corrections and which, she claims, resulted in her husband's death. An Amended Complaint was filed early in the case (December 3, 2012) before answers were filed. (Doc. 4.)

All of the Defendants remaining in the case, except Defendant Corizon Heath, Inc., are governmental Defendants, or individuals in positions with governmental Defendants. In her Amended Complaint (Doc. 4), Plaintiff alleged claims against the governmental Defendants under 18 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution for deliberate indifference to Decedent's medical needs, excessive force, and other due process claims. She also alleged negligence, negligent supervision and training, assault and battery, false arrest and imprisonment, and outrage against the government Defendants. Count IX alleged negligent failure to supervise Corizon (called PHS in that Complaint). That claim alleged that the failure of the governmental Defendants to supervise Corizon was "wanton, malicious, evil, oppressive, or involved reckless indifference to the federally protected rights of Decedent, thus entitling Plaintiffs to an award of punitive damages." (Doc. 4, at ¶ 156.)

In Counts XV and XVI, Plaintiff alleged causes of action against Corizon for negligence and failure to supervise, claiming that specific and systemic failures

lead to Decedent's death. (Doc. 4, at 36-38.) These Counts, the only ones specifically aimed at Corizon in the Amended Complaint, alleged entitlement to damages but did not include claims for punitive or exemplary damages. Corizon was an included Defendant in the wrongful death and survival actions based negligence. The final summary request for relief includes a demand for actual and punitive damages (*Id*., at 41.)

From January through March of 2013, the parties litigated Motions to Dismiss, which were resolved on April 17, 2013, by District Court Judge Lungstrum. That ruling resulted in the dismissal of some claims and parties. The order did not, however, affect the claims against Corizon. The order resulted in leave being granted to Plaintiff to amend certain claims. (Doc. 75.)

A Second Amended Complaint was filed on May 3, 2013, against the remaining Defendants. (Doc. 76.) That pleading alleges in part that the County contracted with Corizon to provide medical care to inmates (Doc 76, at ¶ 17); Decedent was arrested on December 2, 2010, and taken to the Shawnee County Department of Corrections for detention (¶¶ 27-28); during his arrest and detention, Decedent exhibited behavior indicative of mental illness and that officers requested that he be evaluated (¶¶ 27-32, 39-40, 48-49, 73); that requests from family, and a State District Court Judge, for evaluations were ignored (¶¶ 37-

38); that Corizon nurses failed to recognize, or ignored, Decedent's need for health services and failed to request services or initiate medical intervention (¶¶ 43, 46, 50, 56-57, 60, 67); and Decedent was not provided adequate medical treatment for his mental or physical health.

Count I of the Second Amended Complaint, the current effective pleading, is a claim under §1983 for deliberate indifference to Decedent's medical and mental heath needs, in violation of the Fourteenth Amendment, against the governmental Defendants, alleging entitlement to punitive damages. (Doc. 76, at 19.) In support of this claim, Plaintiffs allege that although Decedent exhibited "strong signs of deteriorating physical and mental health and was in a state of psychosis," the "Defendants disregarded" the risk and were "deliberately indifferent" to Decedent's needs by failing to provide "adequate medical treatment." (*Id*., at ¶¶ 95, 96, 97).

Count III is a claim under §1983 against the governmental Defendants alleging the failure to implement or avoid practices and policies that resulted in the other constitutional claims. (*Id*., at 22.) Plaintiff alleged in this regard:

> The failure of Defendants to affirmatively act in the face
> of policies, procedures, practices, and usages which
> resulted in constitutionally violative conduct established
> a policy to condone and otherwise tolerate
> constitutionally violative conduct in general and
> specifically, the constitutionally violative conduct alleged

4

> herein. Had Defendants affirmatively acted to establish
> hiring, training, supervision, and retention policies,
> procedures, practices, or usages which were
> reasonably calculated to assure that officers were
> properly hired, trained, supervised, and retained or
> dismissed, the constitutional deprivation suffered by
> Decedent would not have occurred.

(*Id*., at ¶ 126.) No punitive damages allegations are included in Count III.

Count IV alleges a state law negligence action against the County and related Defendants for failing to provide medical treatment and failure to protect Decedent from self-inflicted harm. (*Id*., at 25.) In this negligence count, Plaintiff alleges entitlement to punitive damages. Similarly, Counts V and VI alleges state law negligence actions against the County and some related Defendants for negligent supervision and training of "officers under their supervision" or officers they were "assigned to train." (*Id*., at 27-29.) These counts also allege entitlement to punitive damages.

Count VII alleges the state law tort of outrage against the County, claiming that the conduct of the County Defendants was "extreme, outrageous, beyond the bounds of decency, and utterly intolerable in a civilized community." (*Id*., at ¶153.) The count claims that the County Defendants acted intentionally or in reckless disregard of Decedent. (*Id*.) The claim requests punitive damages. (*Id*.,

at 158.) In Count X, Plaintiff alleges that the County failed to supervise Corizon. (*Id*., at 33-34.) No request for punitive damages is included.

In Count IX, Plaintiff makes her claim against Corizon (called PHS in the Amended Complaint). (*Id*., at 31-25.) That count states a state law claim for medical negligence. Although this count includes a demand for relief, no punitive damages are claimed.

The final prayer for relief summarizes all previous demands against the Defendants. (*Id*., at 37.) It includes a claim for punitive damages. (*Id*.)

The undersigned Magistrate Judge conducted the first Scheduling Conference on June 4, 2013. That conference resulted in the issuance of a Scheduling Order on June 7, 2013, which established a deadline to complete discovery by May 16, 2014. (Doc. 94.) July 22, 2013, was set as the deadline to file motions to amend the pleadings. (*Id*.)

Since the entry of the Scheduling Order, the parties have engaged in a great deal of discovery. Throughout the summer and fall of 2013, and early this year, the parties exchanged written discovery and have taken at least 37 depositions. Plaintiff's expert disclosures have been made and experts deposed. The parties litigated a contested discovery matter and litigated another Motion to Dismiss.

On February 20, 2014, Plaintiff filed the present motion, seeking to file a Third Amended Complaint (Doc. 294; Doc. 294-11). This revised pleading makes additional factual claims against Corizon, including allegations concerning Corizon's "custom and practice." It also adds a claim that "other deaths and accreditation citations" at the county facility demonstrate a "pattern and practice of failing to provide timely and adequate medical screenings." The proposed Third Amended Complaint then adds Corizon to the constitutional claims in Count I (deliberate indifference) and Count III (practices and policies), which include punitive damages claims. The proposed amendment also adds a claim for punitive damages against Corizon in Count IX, the negligence claim.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993). A court is justified in denying a

motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

When, as in this case, the deadline for amending pleadings has passed, Fed.R.Civ.P. (16)(b)(4) is implicated, which provides that the scheduling order "may be modified only for good cause and with the judge's consent." ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D. Kan. 1993). This District applies a two-step analysis based on Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline. ***Camp v. Gregory, Inc***., 12-1083-EFM-KGG, 2013 WL 391172 (D. Kan. Jan. 30, 2013). First the Court will determine whether the moving party has established "good cause" for filing the motion out of time. If good cause is established, the Court will apply the more permissive Rule 15(a) standard.

To establish good cause under Rule 16(b)(4), "the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence." *Id.* A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment

deadline is within the Court's discretion, and will be reviewed only for an abuse of discretion. *Id.*

Likewise, the ultimate decision whether to allow a proposed amendment under Rule 15 lies within the sound discretion of the court. "In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities. Indeed, the Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Id.* (*quoting* **Carefusion 213, LLC v. Professional Disposables, Inc**., No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010)).

The first question is, therefore, whether the present motion is out of time, or whether the Plaintiff could have met the amendment deadline set forth in the order with due diligence. Plaintiff states that she has been "judicious" in bringing claims against Defendants, and that the ability to bring a plausible §1983 claim against Corizon has "only become clear in recent months." (Doc. 294, at 12.)

While acknowledging that the law allows a §1983 claim against a private entity performing a governmental function, Plaintiff claims that only through recent discovery has she learned that Corizon had a policy or practice that was

deliberately indifferent to Decedent's medical needs and violated his constitutional rights. She contends that showing a policy and practice is legally critical to her constitutional claim against Corizon. Plaintiff admits that "systemic failures in the delivery of healthcare to inmates" have been evident throughout the case. However, she urges that only discovery through recent depositions and the production of NCCHC accreditation reports and Mortality Reviews, produced in discovery early this year, have shown Corizon's policies, customs and practices to be the "root cause" of the systemic failures. (Doc. 294, at 13-14.)

Plaintiff points to the significance of two other inmate deaths discussed in the Mortality Review in 2003 and 2009 as new information. While Plaintiff does not claim the fact of these incidents was previously unknown, she claims that issues concerning those incidents were revealed by the 2003 screening reviews. (Doc. 294, at 9.)

Plaintiff contends that the deposition of Corizon Administrator Marsh, taken in February of 2014, is the event that "solidified" the basis for the §1983 claim because that witness revealed a policy to refuse medical treatment to inmates who fail to request treatment regardless of their mental condition. (Doc. 328, at 2, 5.) Defendant argues that Plaintiff did not request that deposition until January 2014. Plaintiff responds that the request for deposition was delayed by Corizon's delay in

producing documents, which were ultimately ordered produced by the Court. (Doc. 328.) That Order (Doc. 204) required the production of the Mortality Review and documents relating to other inmates who "died at or within 72 hours of being released" from the facility. Plaintiff also claims that the deposition of Administrator Marsh was delayed until the full accreditation reports were obtained on January 27, 2014.

As to the request to add a punitive damages claim to her state law negligence count, Plaintiff states that claim is based on facts originally plead and those recently discovered. Plaintiff describes this request as a clarification, pointing out that although the claim is not made in the operative Count of her current complaint, the final summary prayer for relief in the Second Amended Complaint includes the punitive damages request against all Defendants.

Defendant Corizon disputes Plaintiff's claim that she could not have made the §1983 claim within the deadline to amend pleadings. Corizon cites Plaintiff's response to a Motion to Dismiss the §1983 claims against the County. In that pleading, filed on February 18, 2013, Plaintiff averred that the Second Amended Complaint cited sufficient facts to "raise an inference that there is a widespread and well-settled practice of ignoring the medical needs of mentally ill inmates." (Doc. 53.) Plaintiff further stated that the facts stated at that time raised a "clear

inference that [the County] systematically disregards the mental health needs of inmates, even when those needs are as serious as Mr. Aguirre's." (*Id*.) Corizon also cites discovery from early in the case that supported the claimed deficiencies regarding Decedent's treatment and evaluation by Corizon.

As to the central claims concerning Corizon policies, Defendant states that it produced policies in discovery, although Corizon does not claim that a written policy revealed what Plaintiff now alleges as a policy to deny unrequested treatment regardless of an inmate's mental condition. Corizon argues that Plaintiff had a duty to investigate her claims earlier, and should not have waited until January of 2014 to request the deposition of the Corizon Administrator Marsh. Defendant also points out that the inmate deaths in 2003 and 2009 were revealed in discovery on July 9, 2013, and that those were the subject of publically-filed actions. Regarding the accreditation reports, Corizon states that although the complete survey was not produced until 2014, the "finding at issue" (the deficiency cited by the Plaintiff, Doc. 294, at 8) was produced on June 28, 2013.

The deadlines set by the Court in its Scheduling Orders are not merely aspirational. Rather, the orderly, timely and efficient management of litigation by the Court and counsel is important to the administration of justice. *See* Fed.R.Civ.P. 1. Tardy substantive amendments are unfair, and can cause

substantial delay and expense. Thus, actions beyond those deadlines are only allowed for good cause.

It is equally important that parties be permitted to amend and adjust claims based on evidence discovered during the discovery phase of the litigation. The Court is loathe to impose a rigid examination of a party's strategies in a way that might force a claim before that claim is supported by adequate evidence.

Whether or not Plaintiff could have maintained an action against Corizon earlier in the case for alleged systematic flaws in providing health care to inmates, the Court accepts that evidence adduced from the deposition of Administrator Marsh, which allegedly pinpointed a particular Corizon policy, is important to Plaintiff's §1983 theory against Corizon and that this evidence was recently discovered. Discovery in this case has been extensive, and the parties have been diligently completing discovery. The delay in taking Administrator Marsh's deposition until after the resolution of disputes concerning the production of paper discovery (whether or not that discovery yielded important facts) was not unreasonable. Under these facts, the Court finds that the filing of the present motion at this juncture did not result from a lack of diligence and that the amendment based on the theory claimed could not have been made before the

deadline. Plaintiff has demonstrated good cause for filing the motion beyond the deadline.

The same cannot be said for the motion to add the punitive damages claim to the negligence action against Corizon. The Court does not agree that the Second Amended Complaint's inclusion of that claim in the final summary request for relief notified Corizon that it was facing that claim on the negligence Count. There is a specific request for relief associated with that Count in the present Complaint and Plaintiff has added no facts or allegation in that Count to support that claim. Plaintiff's claim that discovery has enhanced that claim does not excuse the failure to make the claim before the deadline when the claim is clearly based on originally-plead facts. Plaintiff has not shown good cause to amend that claim beyond the deadline to amend.

Having found good cause for the timing of the present motion regarding the §1983 claims, the next question is whether the amendment should be permitted under Rule 15. Defendant's primary opposition in that regard is its claim that the amendment is futile, because the claim will not relate back to the filing of the Complaint and thus fail under the applicable statute of limitation. The Court disagrees. The action against Corizon is based on a claim that it provided insufficient medical care to Decedent, resulting in his death. Whether the claim is

based on negligence, or based on a claim of deliberate indifference under §1983, the amendment asserts a claim arising out of the "conduct, transaction or occurrence" originally alleged. *Coit v. Zavaras*, 280 F. App'x 791, 794 (10th Cir. 2008). The proposed amendment is not futile.

Plaintiff's motion to amend is, therefore, **GRANTED in part** and **DENIED in part**. Plaintiff shall file her Third Amended Complaint (without the punitive damages amendment to the negligence count) on or before May 27, 2014.

IT IS SO ORDERED.

Dated this 23rd day of May, 2014.

                                                   S/ KENNETH G. GALE
                                                   Kenneth G. Gale
                                                   United States Magistrate Judge